Mr. Chief Justice Sharkey
delivered the opinion of the court.
The defendant in error sued out an attachment for rent against Bernard, which was levied on a lot of cotton. Pun'chard claimed the cotton, and sued out a writ of replevin, but the cotton was not replevied to him; and notwithstanding there was no delivery of the property to Punchard, an issue was made up in the circuit court, as to his right, and decided against him, and a judgment was thereupon rendered against him for double the amount of the rent due. The case, therefore, presents the singular anomaly of a judgment for double the amount of rent due, against a plaintiff, a mere stranger, who did not get possession of the property claimed, but which, for aught that appears, was held under an attachment against Bernard, the tenant, and probably applied in discharge of the rent due.
It is true, the 16th section of the statute for securing the pay *509 ment of rents, provides, that when any person shall claim any property distrained for rent, he 'may replevy it, and in case he be cast in the suit, judgment shall be entered against him for double the amount due for rent; but the statute does not contemplate or authorise any such judgment unless the property be replevied or delivered to the claimant. The 10th section of the same statute provides that no goods or chattels belonging to a person other than the tenant, shall be liable to be distrained for rent, and by a proviso to the section, the claimant is bound to pursue his remedy by “ writ of replevin sued out and levied before the sale of such property under the distress.” The 17th section directs that an issue shall be made up to try the right of the claimant, but it evidently pre-supposes a levy of the writ and return of the property to the claimant, and the error consisted in the trial of such an issue, and the giving judgment thereon, without due execution of the writ. The statute does not provide for or contemplate a failure to execute the writ, which is evident from the fact that the last section prohibits the removal of a distress frpm the county. The case, as it was before the court, was not in such a shape as to require or justify an issue under the statute. It was a proceeding in rem, and the party having failed to effect his object by the writ was under no obligation to pursue it further.
The judgment must be reversed and the cause remanded.